

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROSIE PATTON, )
 )
        Plaintiff, ) No. 09 C 5566
 )
v. )
 )
CHICAGO HEIGHTS, a Municipal )
Corporation, and OFFICER C. FELICITI #132, ) Magistrate Judge Jeffrey Cole
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

The City of Chicago Heights has moved to dismiss Count III of the Seconded Amended Complaint, which charges that the City negligently failed to properly train and supervise its police officers regarding the use of force. The plaintiff was stopped in the parking lot of the St. James Hospital, where she worked, by Officer Feliciti because her car had "an inoperable taillight." She was then issued a ticket for driving on a suspended license. It is alleged that the officer "incorrectly" handcuffed the plaintiff "too tightly behind her back," ignored her repeated pleas to loosen the cuffs, and that as a consequence, Ms. Patton's wrist was fractured. (*Second Amended Complaint*, ¶¶ 8-18).

The City submits it is entitled to immunity under the Illinois Local Governmental and Governmental Employee Immunity Act in connection with Count III's charge that it failed to properly train and supervise its police officers in the use of force. The Act, which replaced the previously abolished doctrine of sovereign immunity, "protect[s] local public entities and public employees from liability arising from the operation of government." 745 Ill. Comp. Stat. 10/1-

101.1(a). By providing immunity and defenses, the legislature sought to ensure that public funds were not dissipated by paying private damage claims. *Remet Corp. v. City of Chicago*, 509 F.3d 816, 818 (7th Cir. 2007).

Section 109 of the Act, provides that a local public entity is "not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109. In turn, an employee "serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-201. The City's motion contends that training officers falls within these provisions. Curiously, the plaintiff's brief does not address the argument. Rather, it focused on the applicability of qualified immunity to the defendant officer's alleged actions. But that is not responsive to the argument, and some district judges have concluded that the general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession. *MCI WorldCom Network Services, Inc. v. Atlas Excavating, Inc.*, 2006 WL 3542332 at *3 (N.D.Ill. 2006)(Moran, J.); *Drummer v. Bank*, 2006 WL 2051331 at *5 (N.D.Ill. 2006) (Kennelly, J.). But general propositions do not decide concrete cases, *Lochner v. New York*, 198 U.S. 45, 76 (1905)(Holmes, J., dissenting), and the Seventh Circuit has said that failure to contest a point is not necessarily a waiver, but it is a risky tactic. *Cf. Law v. Medco Research, Inc.*, 113 F.3d 781, 787 (7th Cir. 1997).

The defendants have filed an answer to all counts of the complaint except Count III. To that, they have moved to dismiss pursuant to Rule 12(b)(6) Federal Rules of Civil Procedure for failure

2

to state a claim. *See Remet v. City of Chicago, supra; Harinek v. 161 North Clark Street Ltd. Partnership*, 181 Ill.2d 335, 341, 692 N.E.2d 1177, 1181 (1998).[1]

"According to the statute, an employee may be granted immunity if he holds either a position involving the determination of policy or a position involving the exercise of discretion. The statute is equally clear, however, that immunity will not attach unless the plaintiff's injury results from an act performed or omitted by the employee in determining policy *and* in exercising discretion. The employee's position thus may be one which involves either determining policy or exercising discretion, but... the act or omission must be both a determination of policy and an exercise of discretion." *Harinek*, 181 Ill.2d at 341, 692 N.E.2d at 1181. *See also Van Meter v. Darien Park Dist.*, 207 Ill.2d 359, 379, 799 N.E.2d 273 (2003). Where the Act otherwise applies, it will not be rendered inapplicable even if the conduct is alleged to be willful and wanton. *Fender v. Town of Cicero*, 347 Ill.App.3d 46, 807 N.E.2d 606 (1st Dist. 2004).

Policy determinations are "those decisions which require the municipality to balance competing interests and to make a judgment call as to what solution will best serve each of those interests." *Id.* Discretionary acts are those which are unique to a particular public office, while ministerial acts are those which a person performs on a given state of facts in a prescribed manner, in obedience to the mandate of legal authority, and without reference to the official's discretion as to the propriety of the act. *Id.* A municipality and its employees are not immune for the performance

---

[1] The City has not moved to dismiss any other counts against it and has not raised as an affirmative defense to those counts the Tort Immunity Act. What, if any, consequences flow from that omission, is an issue not before the court. The defendant's motion to dismiss came a day after the Answer was filed. The plaintiff makes no claim of waiver based on the absence of an affirmative defense in the initial responsive pleading, which came a day before the motion to dismiss. In any event, a delay in raising an affirmative defense only results in waiver if the other party is prejudiced as a result. *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626 (7th Cir. 2010).

3

of ministerial acts. *See In re Chicago Flood Litigation*, 176 Ill.2d 179, 680 N.E.2d 265 (1997). An official duty is ministerial when it is "absolute, certain and imperative, involving merely the execution of a set task, and when the law which imposes it prescribes and defines the time, mode and occasion of its performance with such certainty that nothing remains for the judgment or discretion." *Id.* at 273.

Because this is a motion to dismiss, the well-pled factual allegations of the Complaint are deemed true, and thus the City, to prevail on its motion to dismiss, must show that the Complaint, itself, effectively contains the seeds of its own destruction. *Cf. Remet Corp.*, 509 F.3d at 817; *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). But, all that document says is that the "City . . . has a duty to properly train and supervise its officers regarding their use of force" and "owes a reasonable standard of care to its residents and citizens visiting the municipality." (*Second Amended Complaint*, ¶¶42-43). These allegations are not enough to settle the issue. *Van Meter v. Darien Park Dist.*, 207 Ill.2d 359, 370, 799 N.E.2d 273, 280 (2003)(existence of a duty and existence of immunity are separate issues). And, the City of Chicago Heights does not argue that there is no such duty. Compare *Remet*, where the court held that the City of Chicago did not owe a duty to provide water to the plaintiff and thus was not liable for damages caused to the plaintiff by the temporary absence of water needed to fight a fire that consumed the plaintiff's property. It is not for the court to develop arguments for a party. *Fabriko Acquisition Corporation v. Prokos*, 536 F.3d 605, 609 (7th Cir. 2008); *United States v. McLee*, 436 F.3d 751, 760 (7th Cir. 2006); *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003).[2]

---

[2] This is not to suggest that such an argument is viable, but merely to note that it has not been advanced.

4

Based on the sparse allegations of Count III, it may well be that employees training police officer in Chicago Heights might not be determining policy and exercising discretion and thus not be entitled to immunity under the Act. But one cannot tell; the resolution "is not apparent on the face of the complaint." *Van Meter*, 207 Ill.2d at 379, 799 N.E.2d at 285; *United States v. Louis*, 411 F.3d 838, 842 (7th Cir. 2008)(complaint must "plainly reveal" "everything necessary to satisfy affirmative defense"). The City does not point to any allegations in the complaint that establish the applicability of the Illinois Local Governmental and Governmental Employee Immunity Act. Instead, it relies on *Reed v. City of Chicago*, 2002 WL 406983 (N.D.Ill. 2002). There, the plaintiff alleged that the City of Chicago "was negligent when it allegedly breached a duty to carefully supervise, train and hire the defendant police officers." 2002 WL 406983, *2. The City filed an answer raising the affirmative defense of the Act and later moved to dismiss. In granting the motion, the court recognized that for the Immunity Act to apply, the defendant's "conduct [must] be both an exercise of discretion and a policy determination . . . ." *Id.* By granting the motion, the court necessarily concluded that there was enough in the complaint from which it could conclude that the act of supervising, training and hiring required discretion, the balancing of interests and judgment calls. But those are, by definition, acts involving and requiring discretion and policymaking. 2002 WL 406983, *3.[3]

It is fair to assume that something in the complaint made it appropriate for the court to reach the conclusions that it did. And yet, the opinion does note that "[p]laintiff asserts no implication of policy determinations in the hiring and supervising of individual officers." It is not clear what was

---

[3] Significantly, the most the plaintiff could say was that supervision, training, and hiring, are "most likely" ministerial acts. 2003 WL 406983 at *3.

5

meant by this statement, for it would have been odd for the plaintiff to make that assertion since it would have triggered the applicability of the Immunity Act – the very thing the plaintiff sought to avoid. Perhaps the reference to the "plaintiff" was an error and the court meant to refer to "the defendant." But that too would have been odd since it was the defendant's burden to show that hiring, training and supervising implicated policy determinations. *Michigan Avenue National Bank v. County of Cook*, 191 Ill.2d 493, 503, 732 N.E.2d 528, 535 (2000); *Harinek*, 181 Ill.2d at 341, 692 N.E.2d at 1181.

In any event, I find that *Reed* does not govern the instant case. First, district court cases are not binding precedent, as the Seventh Circuit often notes. *DiMa Corp. v. Town of Hallie*, 185 F.3d 823, 831 n. 6 (7th Cir. 1999); *Mayo v. Lane*, 867 F.2d 374, 376 (7th Cir. 1989). Second, while intuitively, it would seem that the training of police officers would require discretion and involve policy determinations, cases are not to be decided on the basis of intuition. *See United States v. Broomfield*, 417 F.3d 654 (7th Cir. 2005); *Evory v. RMJ Acquisitions Funding L.L.C.*, 505 F.3d 769 (7th Cir. 2007). *Cf., New Sensor Corp v. CE Distribution LLC*, 121 Fed.Appx. 407 (2d Cir.2004). Third, the complaint in the instant case does not allow for a determination that the complaint in *Reed* may well have permitted, and the plaintiff does not even make the same equivocal argument that was found wanting in *Reed,* namely that training and hiring are "most likely" ministerial acts. Finally, it is certainly not impossible that the training of police officers in Chicago Heights may be ministerial, and may be inflexibly dictated by a set of rules and orders imposed on that do not allow any deviation. While that is unlikely, only time will tell.

Similarly, in the other case the City cites, *Sanchez v. Town of Cicero*, 2007 WL 844588 (N.D.Ill. 2007), the complaint charged negligent hiring and retention. The court held that the decision

to hire and retain a police officer is inherently a discretionary act, relying on *Johnson v. Mers*, 279 Ill.App.3d 372, 380, 664 N.E.2d 668 (2d Dist.1996). Therefore, the court concluded, any employee of the Town of Cicero with the authority to hire and retain officers for the Town of Cicero Police Department could not be held liable for any injury caused by that discretionary act. But that conclusion overlooks the fact that the Immunity Act only comes into play where the employee's conduct involves *both* discretion and policymaking. Perhaps, the court may have satisfied itself that a policy determination was involved and did not address the requirement. But that is uncertain and the plaintiff in the instant case alleges a failure to properly train and supervise, not negligent hiring, making this case distinguishable from *Sanchez*.

Where the allegations of a complaint show that relief is barred by some applicable defense, the complaint is subject to dismissal. *Cf. Jones v. Bock*, 549 U.S. 199 (2007); *Limestone Development Corp.*, 520 F.3d at 802. In the oft-used parlance, the plaintiff pleads himself out of court. *Shelby v. Gelios*, 2008 WL 2385062 at *3 (7th Cir. 2008). That is not the case here. The courts in *Salgado v. Doe*, 2009 WL 2972477, *3 (N.D.Ill. 2009), *Stenson v. Town of Cicero*, 2005 WL 643334, *12 (N.D.Ill. 2005) and *Hughes v. City of Chicago*, 2003 WL 21518592, *5 (N.D.Ill. 2003), concluded that a motion to dismiss was a bit early in the proceedings to determine the applicability of the Immunity Act. It may well be that the conduct alleged in Count III falls within the Act. There will be ample time to find for the defendants if the facts dictate that result.

## CONCLUSION

The City of Chicago Heights' motion to dismiss [#31] is DENIED.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 5/3/10

7